CHARLES M. WELLBROCK, RECEIVER, PLAINTIFF-APPELLEE, v. JAMES DUFFY, DEFENDANT-APPELLANT.

Submitted January term, 1931—Decided January 28, 1932.

Before Justices CASE, DALY and DONGES.

For the plaintiff-appellee, *M. Lester Lynch (William R. Gannon,* of counsel).

For the defendant-appellant, *John D. Craven.*

PER CURIAM.

This is an appeal from a judgment of the First District Court of Jersey City in favor of the plaintiff-appellee and against the defendant-appellant for $255. The defendant, in the court below, moved to strike out the state of demand whereupon the parties to the suit, through their respective attorneys, entered into a written stipulation as to the facts involved in the case and stipulated orally that if the court below decided said motion in favor of the plaintiff, it should be dispositive of the whole case and judgment should be entered in favor of the plaintiff and against the defendant.

The facts were that defendant was in possession of certain premises under a written lease commencing January 1st, 1927, for a period of five years. This lease provided for a monthly rental of $75 for the first two years of the term and $85 a month for the last three years thereof. The lease further provided that the lessee should deposit $255 as security for the performance of the lease "which security is to be applied on account as rent for the last three months of the term hereinabove demised, provided no default has been made in the within lease." The defendant made the required deposit.

The holder of a second mortgage on the leased premises instituted to foreclose his mortgage, and, on December 2d, 1929, Wellbrock, the plaintiff, was appointed as receiver to manage the property, with power to sue for and collect the rents of the mortgaged premises. On August 12th, 1930, a deed was executed and delivered by the sheriff under the foreclosure proceedings. The defendant refused to pay the receiver the rents for May, June and July, 1930.

The defendant argues that the lease was terminated by

the foreclosure of the mortgage and that the last three months of the term were the three months just prior to the giving of the sheriff's deed. His contention is that he should be credited with the $255 deposit made to his lessor against the rental for these three months, and, therefore, he owed no rent for May, June and July, 1930. The argument and the contention are not sound.

By the terms of the lease, the deposit was to be applied to the "last three months of the term demised." This would be the months of October, November and December, 1931. The receiver was entitled to collect the rents until the purchaser under the sheriff's sale became entitled to possession, and could sue for and recover judgment for unpaid rentals accruing before that time. The beginning of the ownership under the sheriff's sale terminated defendant's obligation to pay rent to the lessor, or the receiver in his stead, but did not fix the time for computing the "last three months of the term." That period was fixed by the lease.

The judgment of the court below will be affirmed.